IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| J&S WELDING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:22-cv-1122-STA-jay |
| ) | |
| LIBERTY MUTUAL INSURANCE ) | |
| COMPANY and WEST AMERICAN ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING COUNSEL'S SECOND MOTION TO WITHDRAW**

Before the Court is Toby Gammill and the Gammill Law Group's Second Motion to Withdraw as Counsel for Plaintiff (ECF No. 14). Counsel has also filed a Motion for Status Conference (ECF No. 15) and the supplement (ECF No. 18) as required by the Court. Counsel requests that they be given first priority lien for reimbursement of litigation expenses. The Court finds that the Motion is well-taken and should be **GRANTED**. Accordingly, Toby Gammill and the Gammill Law Group are released from further representation of Plaintiff.

The Clerk of the Court is **DIRECTED** to send a copy of this order to: Beau Eddings, 2579 North 9th Avenue, Humboldt, Tennessee 38343. Counsel is also **DIRECTED** to provide a copy of this order to his former client. The Motion represents that Mr. Eddings is an individual doing business as J&S Welding, Inc. Mr. Eddings is advised that as a corporation, J&S Welding, Inc. cannot represent itself in federal court and must therefore retain new counsel. The United States Supreme Court has remarked that "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel" and added that "the

rationale for that rule applies equally to all artificial entities." *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 201–202 (1993).  Because Plaintiff is a corporation, it lacks standing to press its claims in this action without counsel.  Therefore, the Court will give Plaintiff 28 days in which to retain new counsel and have new counsel file a notice of appearance on Plaintiff's behalf.  Plaintiff is cautioned that this action cannot proceed until Plaintiff has found new counsel.  The Court further cautions Plaintiff that failure to have new counsel in place within 28 days may result in the dismissal of the case for lack of standing.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: September 16, 2022